IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38-7 |
| | § | |
| RAYSEAN GRAHAM | § | |

**ELEMENTS OF THE OFFENSE**

You are charged in Count One of the second superseding indictment with a violation of 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud.

The essential elements which must be proven to establish the 18 U.S.C. § 1349 violation are:

1. That two or more persons agreed to commit wire fraud;

2. That the defendant knew the unlawful purpose of the agreement; and

3. That the defendant joined the agreement with the intent to further the unlawful purpose.

To show that a defendant conspired to commit wire fraud, the government need not prove that the defendant in fact committed the object offense of wire fraud. However, a person commits wire fraud when: (1) The defendant knowingly devised or intended to devise any scheme to defraud; (2) the scheme to defraud employed false material representations, false material pretenses, or false material promises; (3) the defendant transmitted or caused to be transmitted by way of wire, radio, or television communications, in interstate commerce, any writing, sign, signal, picture, or sound for

the purpose of executing such scheme; and (4) the defendant acted with a specific intent to defraud.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict her or him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

Circumstantial evidence can prove that the defendant knew of the conspiracy and participated in it.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the Second Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

/s/ John B. Ross
John B. Ross
Assistant United States Attorney
Texas Bar No. 00788325
550 Fannin Street, Suite 1250
Beaumont, Texas 77701

(409)-839-2538
John.Ross5@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on the date of its electronic filing, a true and correct copy of the foregoing instrument was served on the attorney for defendant, by electronic means, pursuant to the Local Rules of this Court.

/s/ John B. Ross
John B. Ross
Assistant United States Attorney